# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DANIELLE L. BROWN,         )
                                               )
     Movant,                )
                                               )
v.                                          )
                                             )   Case No. CV415-156
UNITED STATES OF AMERICA,  )            CR412-083
                                           )
     Respondent.        )

## REPORT AND RECOMMENDATION

Convicted of dealing in counterfeit obligations (doc. 24),[1] Danielle Brown, proceeding *pro se*, moves under 28 U.S.C. § 2255 for a reduction in her sentence, claiming that (1) she was sentenced beyond the recommended range because of an "improper calculation of intended loss," and (2) her trial attorney provided ineffective assistance by failing to move to dismiss her indictment. Doc. 48. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, however, shows that both claims fail.

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.  **BACKGROUND**[2]

Beginning in January or February 2011, Brown, after responding to a job offer online, began receiving packages of counterfeit money orders from countries in Africa which she would then repackage and mail to others in exchange for $400/month. PSI ¶¶ 4-5, 9. The U.S. Postal Service intercepted some of the packages and prevented their distribution. *Id.* at ¶ 5. "[T]he value of the intercepted deliveries which were seized between April 11, 2011 and March 16, 2012, as well as the $217,696.25 in counterfeit money orders and cashier's checks recovered from the defendant's residence on March 21, 2012," totaled $1,729,086.35. *Id.* at ¶ 10.

Brown ultimately pled guilty to one count of dealing in counterfeit obligations and was sentenced to 63 months -- the upper end of the Sentencing Guidelines range. *See* doc. 24 (judgment); PSI Recommendation (noting a Guidelines range sentence of 51-63 months and a recommended sentence of 63 months). She appealed, contending that her indictment was defective for failing to allege the *mens rea*

---

[2] The following facts derive from the Probation Officer's Presentence Investigation Report ("PSI"). Brown lodged one objection, but that related to a sentencing enhancement for crimes committed outside the United States. *See* PSI Addendum at 1. She never objected (until the present motion) to the PSI's amount of intended loss.

element of her offense (she raised no Guidelines-based arguments on appeal). *See* doc. 41 at 2. That argument failed and her conviction became final on May 29, 2014. *See id.* She filed the instant motion one year later. Doc. 48 (filed May 28, 2015).

## II. ANALYSIS

### A. Intended Loss Calculation

Seizing on the definition of *intended* loss, Brown argues that she should only be held responsible for the $400 per month she received for mailing out the fake money orders, not their full face value. Doc. 48 at 3-4. She never "on purpose" caused any loss other than the money she accepted. *Id.* at 3. That she "merely kn[ew], fore[saw], or just potentially contemplated" face value losses isn't enough, in Brown's mind, to include those in calculating her Sentencing Guidelines range. *Id.*

What precisely "intended loss" encompasses is irrelevant because Brown procedurally defaulted her claim by not raising it on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (movants under § 2255 "generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else [are] barred from

3

presenting the claim in a § 2255 proceeding"); *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal).[3]

> "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). . . . Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Lynn*, 365 F.3d at 1234 (quotes omitted).

No evidence exists establishing Brown's actual innocence (indeed, she pled guilty). And Brown makes no attempt to explain her failure to raise her intended loss argument on direct appeal, much less show cause and prejudice. Her claim, then, fails.

---

[3] In *United States v. Frady*, the Supreme Court explained:

> When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice.

456 U.S. 152, 165 (1982) (collecting cases).

## B. Ineffective Assistance of Counsel

Brown also contends that her counsel should have noticed defects in her indictment (it allegedly lacked the *mens rea* element of her dealing in counterfeit obligations charge) and moved to dismiss it prior to her guilty plea. Doc. 48 at 6. That claim stopped before it ever started because the Eleventh Circuit already addressed it on direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."). Brown argued before that court just what she does here -- that her indictment lacked the *mens* rea element of an 18 U.S.C. § 473 charge. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). Agreeing "with the government that this type of indictment defect is not jurisdictional," the court held that Brown waived her claim by pleading guilty. *Id.*

Shoehorning that argument into an ineffective assistance claim here changes nothing. Brown's guilty plea remains valid and, accordingly, she can no longer attack pre-plea non-jurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty

5

of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Keye v. Perry*, 2015 WL 3902330 at * 3 (S.D. Ga. June 24, 2015), *adopted*, 2015 WL 5116830 (S.D. Ga. Aug. 28, 2015) ("A knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the plea.") (citing *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)).

## III. CONCLUSION

Danielle Brown's § 2255 motion (doc. 48) should be **DENIED**. Her "follow on" motions (docs. 49, 50, 52 & 53) likewise are **DENIED**.[4] Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a)

---

[4] Dissatisfied with how fast the Court addressed her motion, Brown filed two motions asking for action. *See* doc. 52 (motion for relief to be granted); doc. 53 (motion for summary judgment). She also mistakenly thought the federal government had to answer her motion prior to the Court's preliminary review. Doc. 49 (motion for default judgment). No matter their merit (none), in light of the Court's recommendation that Brown's claims be denied, all her motions are moot.

6

of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED**, this __8th__ day of March, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA